IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DOMINIQUE HERMAN ADAMS,** | ) | Case No. 7:21CV00406 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| **HAROLD CLARKE,** | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Dominique Herman Adams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging an alleged judgment entered October 15, 2003, in the Roanoke City Circuit Court for attempted statutory burglary and peeping into an occupied dwelling.[1] Upon reviewing the state court records online, a charge of attempted statutory burglary on December 5, 2002, was nolle prossed[2] on August 18, 2003. There is no conviction for "peeping into an occupied dwelling." On October 15, 2003, Adams was sentenced for two counts of statutory burglary, malicious wounding, robbery, and one count of attempted entry in the night (alleged to have occurred in December 2002)[3]. Further, Adams has previously filed more than one previous § 2254

---

[1] On July 15, 2021, Adams filed a motion to amend his petition to challenge January 7, 2003, convictions for obstructing justice and carrying a concealed weapon, for which he received sentences of one month and six months, respectively. The motion to amend (ECF No. 2) is DENIED, as it seeks to change the entire basis of the case. Further, the misdemeanor convictions are eighteen years old and the records no longer available, and the amended petition would be untimely under § 2254(b). Likewise, Adams is no longer serving the seven months and is not in custody on those convictions at this time, as required by § 2254(a).

[2] "Nolle pros," a shortened form of the Latin phrase "nolle prosequi," refers to the Commonwealth's decision to drop the charges against a defendant.

[3] Based on the representations in Adams' Declaration in Support of his Petition (ECF No. 1-1), attempted entry in the nighttime may be the charge to which he is referring as attempted statutory burglary.

petitions challenging those convictions.  See Adams v. Watson, No. 7:10CV00383 (W.D. Va.); Adams v. Holloway, No. 7:11CV00600 (W.D. Va.); and Adams v. Watson, No. 7:11CV00601 (W.D. Va.).

Under 28 U.S.C. § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon certification from the United States Court of Appeals that the claims in the subsequent petition meet certain criteria.  Adams has not obtained such certification from the Fourth Circuit Court of Appeals.  To the contrary, that Court has denied Adams' request to file successive petitions more than two dozen times: June 22, 2011; January 10, 2012; February 13, 2012; March 14, 2012; May 1, 2012; October 10, 2012; December 28, 2012; February 8, 2013; March 15, 2013; April 24, 2013; June 5, 2013; July 15, 2013; August 5, 2013; September 24, 2013; January 10, 2014; April 29, 2014; August 20, 2014; September 11, 2014; September 26, 2014; April 10, 2015; April 30, 2015; May 28, 2015; July 7, 2015; September 16, 2015; November 30, 2017; and October 29, 2021 (four months after the current § 2254 was filed).  Each of the last five Orders from the Fourth Circuit Court of Appeals noted Adams' history of filing excessive frivolous requests to relitigate the same issues in his habeas corpus petition, and the Court imposed a $500 sanction on Adams by Order dated January 18, 2018.  Adams v. Fleming, No. 17-440 (4th Cir. Jan. 18, 2018).

Accordingly, it is hereby **ORDERED** that Adams' § 2254 petition is **DISMISSED** as successive, and this action is **STRICKEN** from the active docket of the court.[4]

---

[4] Based on the court's determination that this petition is not properly before the court, Adams' motion for discovery (ECF No. 3) is denied.

The court takes notice that Adams' incessant, meritless filings challenging his October 2003 convictions, notwithstanding the prior orders of this court and the Court of Appeals, lack good faith and constitute vexatious conduct that hinders the court from fulfilling its constitutional duties.  See, e.g., Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004).  As an alternative to entering a prefiling injunction barring all documents from Petitioner Adams, a prefiling injunction is **ENTERED** to **PROHIBIT** the Clerk from docketing any document from Petitioner that challenges his 2003 convictions.

Further, finding that Adams has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED.**

The Clerk shall send a copy of this opinion and order to Adams.

**ENTER:**  This 6th day of January, 2022.

Michael F. Urbanski
Chief U.S. District Judge
2022.01.06 17:48:04
-05'00'

_____

Michael F. Urbanski
Chief United States District Judge